IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID PAUL HUGGINS,<br><br>         Plaintiff<br><br>vs.<br><br>BRIAN OWENS, JAMES E. DONALD,<br>STEVE ROBERTS, DAVID L. FRAZIER,<br>WILLIE SUE MICKENS, Mr. JACKSON,<br>C. FORTUNE, Ms. LAMB; Ms. DIXON,<br>Ms. BYRD, Mr. TAYLOR, Ms. BUSH<br>Ms. BROWN, Dr. ROGERS, Mr. FORD,<br>PRISON HEALTH CARE PROVIDERS,<br><br>         Defendants | NO. 5:09-CV-377 (CAR)<br><br><br><br><br><br><br><br><br>PROCEEDINGS UNDER 42 U.S.C. § 1983<br>BEFORE THE U.S. MAGISTRATE JUDGE |

# ORDER AND RECOMMENDATION

Plaintiff **DAVID PAUL HUGGI NS,** an inmate at Washington State Prison in Davisboro, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The Court previously granted Plaintiff's motion to proceed *in forma pauperis* and he is responsible for the full filing fee as described in detail below.

**I. EXHAUSTION OF ADMINISTRATIVE REMEDIES UNDER 42 U.S.C. § 1997e(a)**

The Court previously ordered plaintiff to show cause why his case should not be dismissed for failure to exhaust administrative remedies. (R. at 7). Plaintiff responded and explained that he did present his complaint as a grievance at Washington State Prison and it was denied. Thereafter, his appeal was denied at that level. Plaintiff states that on August 4, 2009, he appealed to Brian Owens, Commissioner of the Georgia Department of Corrections. This appeal is still pending.

However, plaintiff also explained that Brian Owens had sixty days from August 4, 2009 (until October 13, 2009) to respond to the appeal and he has not done so. Plaintiff waited until after October 13, 2009 to file his § 1983 complaint. (R. at 1). Courts have held that "the failure of prison officials to act on a grievance in accordance with the guidelines announced in their own operating procedures

sustains a finding of exhaustion under the [Prisoner Litigation Reform Act]." *Draker v. Ferrero*, No. 1:03-CV-2526 RWS, 2004 U.S. Dist LEXIS 30591 at *7 (N. D. Ga. November 24, 2004); *See also Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999)(holding that administrative remedies have been exhausted when a grievance has been filed and the time for the state to respond has expired). Therefore, construing plaintiff's complaint and his response to the Court's Order to Show Cause liberally and taking plaintiff's allegations as true, the Court, at this point in the litigation, finds that plaintiff has exhausted available administrative remedies.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II.  STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that he was assigned to the top bunk of a three-man bunk while incarcerated at Washington State Prison. Plaintiff seems to indicate that the top bunk has no railing and, therefore, there is a risk of falling from the bunk. However, Commissioners Owens and Donald allow the placement of three-man bunks in "cells designed for one" inmate due to overcrowding.

Plaintiff states that on December 3, 2008 he actually fell from his three-man bunk and hit his chin on a metal desk. Plaintiff alleges that he was knocked unconscious and, after he regained consciousness, his neck, back, head, and right arm hurt; and his chin was cut and bleeding. According to plaintiff, he showed the cut to Defendant Byrd and told her he was in severe pain. However, she refused to help him and told him that medical was closed for the day. Plaintiff states that during the following days he explained his severe head, back, neck and arm pain to defendants Lamb, Fortune, Jackson, Mickens, Ford, Roberts, Frazier, and Taylor. But they ignored his complaints.

Plaintiff alleges that he was not allowed to see or speak with medical officials until December 8, 2008. Plaintiff states that he saw Defendants Bush and Brown in December 2008 and described his fall and subsequent pain to them. According to plaintiff, they refused to x-ray his back, refused to give him a lower bunk profile, and refused to let him see the doctor.

According to plaintiff, he was not x-rayed until March 2009 and saw Dr. Rogers on April 30, 2009. However, plaintiff states that Dr. Rogers ignored his complaints and would not discuss anything with plaintiff except his "asthma concerns."

Plaintiff maintains that he was finally sent to see a neurosurgeon on May 21, 2009, after more than 40 visits to the medical department at Washington State Prison. Plaintiff states that the neurosurgeon told him that he had to undergo immediate surgery to prevent paralysis. According to plaintiff, the neurosurgeon informed him that "surgery could have been [avoided] if [the] condition had been detected in earlier stages."

Plaintiff indicates that following the fall and his surgery, defendant Dixon refused to honor his medical profiles and continued to assign him to the top bunk of a three-man bunk. Plaintiff also complained to defendant Mickens regarding his placement in the three-man bunk. However, defendant Mickens refused to honor his medical profile. Plaintiff also alleges that he has complained in writing to Defendants Donald and Owens, who did nothing to assist him.

In addition to the defendants named above, plaintiff has also named the "Prison Health Care Providers" as a defendant. Plaintiff states that this entity is "responsible for the medical staff employed at Washington State Prison." The actions or inactions about which plaintiff complains are the actions of "Prison Health Care Providers'" employees and physicians; not the actions of "Prison Health Care Providers" itself. It has long been established that "[a] defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis." *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992)(holding that a hospital cannot be held liable under 42 U.S.C. § 1983 for the conduct of its employees). Therefore, "Prison Health Care Provider" cannot be held liable under § 1983 for the actions or inactions of its physicians or medical personnel.

Consequently, it is **RECOMMENDED** that "Prisoner Health Care Provider" be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this Order.

At this time, the Court cannot find that the claims against the remaining defendants are wholly frivolous. This action shall go forward against these defendants.

Accordingly, it is HEREBY ORDERED AND DIRECTED that service be made as provided by law upon the defendant(s); that a WAIVER OF REPLY, an ANSWER or such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendant(s) as required and permitted by law.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞ ## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determine that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to <u>file</u> original motions, pleadings, and correspondence with the Clerk of court; to <u>serve</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

## DISCOVERY

PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S). THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.

This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party.  <u>No party shall be required to respond to any such requests which exceed these limitations</u>.



## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities.  DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's <u>income</u> credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**ELECTION TO PROCEED BEFORE THE
UNITED STATES MAGISTRATE JUDGE**

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all <u>pretrial</u> matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and <u>all</u> proceedings in a jury or nonjury civil matter <u>and</u> to order the entry of judgment in a case upon the <u>written</u> <u>consent</u> of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞   After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon <u>receipt</u> of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel <u>must</u> specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED AND RECOMMENDED, this 18th day of November, 2009.



s/ *Claude W. Hicks, Jr.*
CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.