IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID PAUL HUGGINS,<br><br>               Plaintiff<br><br>      VS.<br><br>BRIAN OWENS, COMMISSIONER, *et al.*,<br><br>               Defendants | **NO. 5:09-CV-377 (MTT)**<br><br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Before the court is a motion filed by defendants Brian Owens, James Donald, Stephen Roberts, David L. Frazier, Willie Sue Mickens, Calvin Fortune, James Jackson, James Taylor, Lisa Bush, Karen Brown, Dr. Michael Rogers, Elaine Dixon, Belinda Lamb, and John Ford, seeking dismissal of the above-captioned action . Tab #37.[1] In their motion, these defendants contend that, prior to filing the above-captioned 42 U.S.C. §1983 action, plaintiff David Paul Huggins failed to exhaust all of his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). Following receipt of the instant motion, the undersigned ordered and directed plaintiff Huggins to file a response thereto. Tab #43. He has timely filed a response; the motion is thus ripe for review.

---

[1] Ms. Lizzie Byrd has also been named as a defendant in this action. At the time the instant motion seeking dismissal was filed, however, defendant Byrd, due to a delay in service, was not properly before the court. Defendant Byrd has since filed a separate motion seeking dismissal which, while not yet ripe for review, will likely be resolved on similar grounds and in a similar manner to the instant motion. *See* Tab #49.

## FACTUAL AND PROCEDURAL BACKGROUND

The incident giving rise to plaintiff's complaint occurred during his incarceration at Washington State Prison. At the time of the incident, plaintiff Huggins was assigned to the top bunk of a three-man bunk. On December 3, 2008, he fell from the bunk and hit his chin on a metal desk. He was knocked unconscious and sustained injuries to his chin back neck and arm. On May 21, 2009, plaintiff Huggins learned that he needed immediate surgery to thwart paralysis and that earlier detection of his condition could have prevented surgery. Based on the above, the plaintiff essentially complains that the defendants were deliberately indifferent to his serious medical needs during the period of time that elapsed between the day he fell and the day he was informed of his need for surgery.

In response to these assertions, the defendants filed the instant motion seeking dismissal. Therein, the defendants aver, *inter alia*, that plaintiff Huggins failed to exhaust his available administrative remedies prior to filing the instant action. Consequently, they argue that this action should be dismissed.

## LEGAL STANDARDS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a request for dismissal based on the affirmative defense of failure to exhaust is raised, consideration of such a request involves the application of the two-step process described below. *Turner v. Burnside*, 2008 U.S. App. LEXIS 18510 at *8 (11th Cir. August 28, 2008). First, the court looks to the factual allegations in the defendant's motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. *Id*. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. (citing, *Bryant*, 530 F.3d at 1373-74).

If the complaint is not subject to dismissal at the first step, the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Bryant*, 530 F.3d at 1373-74, 1376; *Turner*, 2008 U.S. App. LEXIS 18510, at *9. Once these findings have been made, the court, based on those findings, must determine whether or not the inmate has exhausted available administrative remedies. *Turner* at *9.

## **DISCUSSION**

As noted above, the defendants seek dismissal of this action based on the affirmative defense of failure to exhaust administrative remedies. In support of this assertion, and in addition to a supporting brief, the defendants submitted several other documents. These documents include the affidavit of Grievance Coordinator Glen Fleming, applicable sections of the Georgia Department of Corrections Standard Operating Procedures, and a record of the plaintiff's grievance history, including copies of grievances and responses.

Relying upon these documents, the defendants made the following observations: the final step in the administrative remedy procedure is an inmate's appeal to the Commissioner. Where such an appeal is timely filed , the Commissioner, pursuant to pertinent provisions of the administrative remedy procedure, has ninety (90) calendar days in which to investigate and issue a response. Upon receipt of a response <u>or</u> the expiration of the ninety (90) day period, whichever comes first, the administrative remedy procedures are concluded and the inmate's claim exhausted.

After reviewing the above requirements, the defendants confirmed an earlier assertion by the plaintiff that, on August 4, 2009, he timely appealed the denial of a formal grievance concerning medical claims to the Commissioner's office. They then contend that the plaintiff, rather than awaiting a response or for the expiration of the ninety (90) day period discussed above, improperly and prematurely executed the instant action. In support of this assertion, the defendants correctly note that the instant action was executed by the plaintiff on September 29, 2009, long before the November, 2009 deadline. As the plaintiff's appeal was still pending at the time he executed the instant action, the defendants conclude that the claims comprising the action are unexhausted and therefor due to be dismissed.

In his response, plaintiff Huggins does not dispute the defendants' assertions about the timing of his appeal and institution of this action. Consequently, and in accordance with the legal standards set forth above, plaintiff Huggins' unexhausted claims are not properly before the court. Accordingly, the undersigned **RECOMMENDS** that the defendants' motion seeking dismissal be **GRANTED** and that the claims against them be **DISMISSED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 7th day of JULY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE