IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DAVID PAUL HUGGINS,

          Plaintiff

VS.

BRIAN OWENS, COMMISSIONER, *et al.*,

          Defendants

NO. 5:09-CV-377 (MTT)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court is a motion seeking dismissal of the above-captioned action filed by defendant Lizzie Byrd. Tab #49.[1] Therein, this defendant contends, *inter alia*, that plaintiff David Paul Huggins did not exhaust all of his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a) prior to filing the above-captioned 42 U.S.C. §1983 action. Following receipt of the instant motion, the undersigned ordered and directed the plaintiff to file a response thereto. Tab #50. Plaintiff has timely filed a response. Tab #52. The motion therefore ripe for review.

### FACTUAL AND PROCEDURAL BACKGROUND

The incident giving rise to plaintiff Huggins' complaint occurred during his incarceration at Washington State Prison. At the time of the incident, plaintiff was assigned to the top of a three-man bunk. On December 3, 2008, he fell from the bunk and hit his chin on a metal desk. He was knocked unconscious and sustained injuries to his chin, back, neck, and arm. On May 21, 2009, the plaintiff learned that he needed immediate surgery to thwart paralysis and that earlier detection of his condition could have prevented surgery. In filing this lawsuit, plaintiff alleges that the defendants were deliberately indifferent to his medical needs during the time between the day he fell and the day he was informed of his need for surgery. In response to these assertions, defendant Byrd has filed the instant motion seeking dismissal.

---

[1]The remaining defendants previously filed a motion seeking dismissal of this action on similar grounds. Tab #37. A recommendation to grant this motion is pending. Tab #51.

## LEGAL STANDARDS

### MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a request for dismissal based on the affirmative defense of failure to exhaust is raised, consideration of such a request involves the application of the two-step process described below. *Turner v. Burnside*, 2008 U.S. App. LEXIS 18510 at *8 (11th Cir. August 28, 2008). First, the court looks to the factual allegations in the defendant's motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. *Id*. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. (citing, *Bryant*, 530 F.3d at 1373-74).

If the complaint is not subject to dismissal at the first step, the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Bryant*, 530 F.3d at 1373-74, 1376; *Turner*, 2008 U.S. App. LEXIS 18510, at *9. Once these findings have been made, the court, based on those findings, must determine whether or not the inmate has exhausted available administrative remedies. *Turner* at *9.

## DISCUSSION

As noted above, defendant Byrd seeks dismissal of this action based on the affirmative defense of failure to exhaust administrative remedies. In support of this assertion, she has submitted a memorandum which cites to and relies upon the exhibits and arguments heretofore filed by the other defendants in support of their motion seeking dismissal (Tab #37). Relying upon these materials, she notes that, in his complaint, plaintiff Huggins contends that he filed this action 60 days after appealing his claims to the Commissioner. She then observes that, pursuant to the pertinent policy, the Commissioner is allowed ninety (90) days in which to respond. Because the plaintiff's appeal was still pending at the time he executed the instant action, defendant Byrd concludes that the claims comprising the instant action are unexhausted and therefore due to be dismissed. The undersigned agrees. Accordingly, the undersigned **RECOMMENDS** that defendant Byrd's motion seeking dismissal be **GRANTED** and that the claims against her be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 19th day of JULY, 2010.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE