IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID PAUL HUGGINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:09-CV-377 MTT ) |
| BRIAN OWENS, *et al.*, | ) ) |
| Defendants. | ) ) |

## ORDER

This matter is before the Court on the Motion for Reconsideration (Doc. 58) (the "Reconsider Motion"), the Motion for Leave to Amend Complaint (Doc. 59) (the "Amend Motion") and the Motion for Leave to Appeal (Doc. 60) (the "Appeal Motion").

In the Reconsider Motion, the Plaintiff asks this Court to reconsider its Order (Doc. 55) adopting the Recommendation (Doc. 51) of the Magistrate Judge to dismiss this case for failure to exhaust administrative remedies. The Plaintiff has not shown cause why this Court should reconsider its Order. However, this Court will note for the Plaintiff's benefit that a dismissal for failure to exhaust administrative remedies is not on the merits. *Bryant v. Rich*, 530 F.3d 1368, 1377 n.12 (11th Cir. 2008). Therefore, the dismissal in this case is without prejudice. The Reconsider Motion (Doc. 58) is **DENIED**.

In the Amend Motion, the Plaintiff asks this Court to allow him to amend his complaint now that he has exhausted his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA") mandates that *before* an incarcerated plaintiff can bring an action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies

available to him. 42 U.S.C. §1997e(a). Even where the administrative procedures set forth by a prison are futile or inadequate, exhaustion of administrative remedies remains a precursor to a prisoner's filing a civil rights action. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998). A plaintiff simply cannot file a claim with the Court while he is pursuing his administrative remedies and then amend once those remedies are exhausted. The exhaustion requirement is a prerequisite. If the action was improperly brought, it cannot be cured through amendment. Therefore, the Amend Motion (Doc. 59) is **DENIED**. The Plaintiff, if he intends to pursue his claims, must file a new lawsuit.

In the Appeal Motion, in addition to notifying the Court that he has appealed, the Plaintiff asks for a new trial pursuant to Fed. R. Civ. Pro. 59(a)(2), for the ability to amend under Rule 61 on harmless error, and for the Court to amend its findings under Rule 52(b). The Court rules as follows. To the extent that the Plaintiff requests a new trial, this request is **DENIED** as the Plaintiff never had a trial in the first place. A new trial can be granted only "after a jury trial" or "after a nonjury trial." To the extent the Plaintiff is asking for any kind of relief under Rule 61, the Appeal Motion is **DENIED** because Rule 61 does not authorize the Court to grant any relief. And to the extent the Plaintiff asks the Court to amend its findings under Rule 52(b), the Appeal Motion is **DENIED**. The only finding the Court made was that the Plaintiff did not fully exhaust his administrative remedies. The Plaintiff has not shown this finding to be erroneous.

In addition to notifying the Court of his pending appeal in the Appeal Motion, the Plaintiff also filed a Notice of Appeal (Doc. 61). Accoring to Federal Rule of Appellate Procedure 4(a)(4)(B)(i), "If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the

notice of appeal becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Most of the above motions are motions listed in Rule 4(a)(4)(A). Therefore, with the entry of this Order, the Appeal Motion becomes effective to appeal this Court's order and judgment.

**SO ORDERED**, this the 15th day of October, 2010.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jch